Vito de la Cruz, WSBA No. 20797
Bryan G. Smith, WSBA No. 29382
TAMAKI LAW OFFICES
1340 N. 16th Ave., Ste. C
Yakima, WA 98902
509/248-8338
Attorneys for Plaintiffs

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NOV 30 2011

JAMES R LARSEN, CLERK
_____ DEPUTY
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

RICHARD L. MATHIEU, as Litigation Guardian Ad Litem for T.P.S., a minor and MICHELLE C. PIERRE, individually and as parent of T.P.S., a minor,

Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

Defendant.

NO.: CV-11-3117-LRS

COMPLAINT FOR PERSONAL INJURY

COME NOW the plaintiffs, by and through their counsel of record, Vito de la Cruz and Bryan Smith of Tamaki Law Offices, and allege as follows:

**I. JURISDICTION AND PARTIES**

1.1    This cause of action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 1336(b), 2671 et. seq., and 28 U.S.C. §1331.

COMPLAINT FOR PERSONAL INJURY - 1

Tamaki Law Offices
1340 N. 16th Ave., Ste. C
Yakima WA 98902
509-248-8338

1.2 All acts and omissions alleged herein occurred in Okanagon County, Washington, on the grounds and premises of the Paschal Sherman Indian School, and within the exterior boundaries of the Colville Indian Reservation, Indian Country of the United States.

1.3 T.P.S. is a minor, who suffered acts of physical and sexual assault while a boarding student at the Paschal Sherman Indian School.

1.4 Paschal Sherman Indian School is located in Omak, Washington and is a boarding school providing educational services to Native American children pursuant to the Indian Self Determination Act, 25 United States Code (U.S.C.) §450 *et seq*.

1.5 Plaintiff Richard L. Mathieu is the duly appointed Litigation Guardian Ad Litem of minor T.P.S.

1.6 Plaintiff Michelle Pierre is the mother of T.P.S.

1.7 At all times mentioned herein, Defendant the United States of America, pursuant to a contract entered into by and between the Bureau of Indian Affairs (BIA), and/or the Paschal Sherman Indian School, and/or the Confederated Tribes and Bands of the Colville Nation (The Tribe) as authorized by federal public law, was acting by and through its agents employed by the BIA, the Paschal Sherman Indian School, and/or the Tribe.

1.8   At all times mentioned herein, Defendant's agents were acting within the course and scope of their express or apparent official duties.

1.9   At all times mentioned herein, Defendant and/or Defendant's agents were responsible for ensuring that Paschal Sherman Indian School's operations were carried out safely by the Paschal Sherman Indian School, and were properly overseen and carried out by the BIA.

1.10   At all times mentioned herein, Defendant and/or Defendant's agents owed a duty to exercise reasonable care to protect students from foreseeable physical harm, as well as foreseeable harmful conduct of fellow boarding students at the Paschal Sherman Indian School.

1.11   At all times mentioned herein, the United States was responsible under the Federal Tort Claims Act for the negligent acts and omissions of the BIA, the Paschal Sherman Indian School, its employees and assigns, and/or the Confederate Tribes and Bands of the Colville Indian Nation (via the Indian Self-Determination Act).

## II. FACTS

2.1   Plaintiffs reallege and incorporate by reference the allegations made previously as if fully set forth herein.

Tamaki Law Offices
1340 N. 16th Ave., Ste. C
Yakima WA 98902
509-248-8338

2.2    T.P.S. is a minor, who during the 2009-2010 school year and at all times alleged, was enrolled as a boarding student at the Paschal Sherman Indian School in Omak, Washington.

2.3    T.P.S. resided in the dormitory and attended classes at Paschal Sherman Indian School.

2.4    T.P.S. was under the care, custody, and control of Paschal Sherman Indian School staff.

2.5    On or about November 2009, T.P.S. spoke with his mother, Michelle Pierre, on the telephone and told her that he was being harassed and abused by a group of boys.

2.6    Michelle Pierre then called the Paschal Sherman Indian School to report the harassment and abuse, and spoke with at least three school officials including the principal, a counselor, and a dormitory matron/prefect.

2.7    Paschal Sherman Indian School officials informed Michelle Pierre that they would investigate the allegations which led her to believe that appropriate action would be taken.

2.8    A Paschal Sherman Indian School official subsequently advised T.P.S. to try to avoid the group of boys who were harassing and abusing him.

2.9   On or about late January or early February 2010, T.P.S. again was harassed and physically abused by the group of boys he had complained about in November 2009.

2.10   On or about February, 4, 2010, the three boys, acting in concert, cornered T.P.S., beat him, kicked him, handcuffed him, and pushed his head into a toilet, wherein they had urinated.

2.11   The three assailants, acting in concert, released T.P.S. but resumed their attack later. They handcuffed T.P.S. again, shoved him to the ground, kicked, and punched him. They again put T.P.S.'s head into the toilet, wherein they had urinated.

2.12   The three assailants, acting in concert, then handcuffed T.P.S. to his bed and punched him in the stomach. One of the assailants forcibly removed T.P.S.'s pants. He then stuck a pencil in T.P.S.'s rectum and left T.P.S. handcuffed and crying on his bed.

2.13   T.P.S. was able to remove the handcuffs but remained on his bed crying. The assailants returned and threatened T.P.S. not to tell anyone, or he would be subjected to further harassment and abuse.

2.14   During the attacks, the Paschal Sherman Indian School failed to supervise and/or inadequately supervised the dormitories where the assaults occurred.

COMPLAINT FOR PERSONAL INJURY - 5

Tamaki Law Offices
1340 N. 16th Ave., Ste. C
Yakima WA 98902
509-248-8338

2.15  Paschal Sherman Indian School officials had actual notice that T.P.S. was experiencing assaults, harassment, and abuse, but failed to investigate, prevent, and/or take any remedial action.

2.16  As a result of the Paschal Sherman Indian School's negligent care and supervision of its students, T.P.S. experienced physical abuse, imprisonment, forcible sexual assault, emotional abuse, and humiliation.

### III. CLAIM - NEGLIGENCE

3.1  Plaintiffs reallege and incorporate by reference each paragraph previously stated as if fully set forth herein.

3.2  Defendant owed a duty of reasonable care to T.P.S. and Michelle Pierre.

3.3  Defendant knew or reasonably should have known of the risk to T.P.S. by the three assailants.

3.4  Defendant, the BIA, and the Paschal Sherman Indian School had been informed by Michelle Pierre, among others, that the three boys had been subjecting T.P.S. to harassment, assault, and abuse.

3.5  Defendant, the BIA, and the Paschal Sherman Indian School knew or should have known of the harassment, assaults, and abuse to which T.P.S. was subjected.

3.6  Defendant, the BIA, and the Paschal Sherman Indian School breached its duty of care to T.P.S. and failed to care and protect T.P.S. from foreseeable harm by other boarding students.

3.7  As a result of Defendants' breach of duty, T.P.S. was handcuffed, beaten, kicked, and sexually assaulted by other boarding school students.

3.8  As a result of the Defendant's breach of duty, T.P.S. has suffered physical injury, imprisonment, sexual assault, and extreme emotional abuse, shame, and humiliation.

## IV. CLAIM – NEGLIENT SUPERVISION

4.1  Plaintiffs reallege and incorporate the previous paragraphs as if fully set forth herein.

4.2  T.P.S. was a boarding student at the Paschal Sherman Indian School.

4.3  T.P.S.'s assailants were also boarding students at the Paschal Sherman Indian School.

4.4  All students attending the Paschal Sherman Indian School were subjected to the rules, discipline, and protective custody of the school staff, including the principal, counselors, teachers, and dormitory matrons and prefects.

4.5   The Paschal Sherman Indian School staff, including the principal, counselors, teachers, and dormitory matrons and prefects had a duty to ensure the safety and security of all students attending the school, which included, but was not limited to, the duty to reasonably supervise students in classrooms, dormitories, and throughout the school grounds.

4.6   The Paschal Sherman Indian School staff breached their duty to reasonably supervise students in classrooms, dormitories, and throughout school grounds, enabling the three assailants to accost T.P.S., handcuff him, take him to a bathroom, beat him, kick him, and plunge his head into a toilet, wherein they had urinated. The same three assailants were then able to drag T.P.S. to his bed, handcuff him there, beat him, and forcibly sexually assault him.

4.7   As a result of the Paschal Sherman Indian School's negligence, T.P.S. suffered injury, including, but not limited to, physical assault, imprisonment, sexual assault, and extreme emotional distress.

4.8   The BIA is therefore directly and vicariously liable for harms, injuries, and assaults proximately caused by the negligent supervision of students by Paschal Sherman Indian School personnel.

### V. CLAIM – MICHELLE PIERRE – RCW 4.24.010

5.1   Plaintiffs reallege and incorporate by reference the previous paragraphs is if fully set forth herein.

5.2    The Paschal Sherman Indian School owed Michelle Pierre a duty to reasonably supervise and care for T.P.S. because the school and its agents/employees stood *in loco parentis* to T.P.S. and all other children attending the school.

5.3    As a result of the Paschal Sherman Indian School's negligence, Michelle Pierre has suffered extreme emotional distress, loss of companionship, love, and injury to the relationship with her son.

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiffs request relief as follows:

A.    For judgment against the Defendant for the full amount of damages as determined by the Court for the injuries suffered by T.P.S. and Michelle Pierre, pursuant to RCW §4.20 et. seq., 28 U.S.C. §§ 2671-2680, and any applicable state and federal law governing negligence;

B.    For Plaintiffs' statutory attorney's fees and costs; and

C.    For such other and further relief as the Court may deem just and equitable.

DATED this 30th day of November, 2011

TAMAKI LAW OFFICES
Attorneys for Plaintiffs

By: _____
Vito de la Cruz, WSBA No. 20797
1340 N. 16th Ave., Ste. C
Yakima, WA 98902
Phone: 509-248-8338
Fax: 509-452-4228
vito@tamakilaw.com

By: _____
Bryan G. Smith, WSBA No. 29382
1340 N. 16th Ave., Ste. C
Yakima, WA 98902
Phone: 509-248-8338
Fax: 509-452-4228
bsmith@tamakilaw.com