UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

RICHARD L. MATHIEU, as Litigation Guardian Ad Litem for T.P.S., a minor and MICHELLE C. PIERRE, individually and as parent of T.P.S, a minor,

Plaintiffs,

vs.

THE UNITED STATES OF AMERICA,

Defendants.

NO. CV-11-3117-LRS

**STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL PERSONAL, EDUCATIONAL, JUVENILE & PRIVACY ACT INFORMATION**

To expedite the flow of discovery material between the parties, and facilitate the prompt resolution of disputes over confidentiality, and adequately protect individually identifiable privacy interests in personnel records, juvenile records, education records, health information and such other protectable privacy information which is entitled to be kept confidential, and to ensure that protection is afforded only to material so entitled, it is, pursuant to the court's authority under Fed. R. Civ. P. 26(c) and with the consent of the parties, the following Protective Order will apply to appropriate records and information within student, investigative, personnel and other files or records produced by the United States in its discovery disclosures and responses:

1.    This Stipulated Protective Order ("Protective Order") shall be govern the treatment and handling of all student and academic records, personnel records, and investigative records, which may include juvenile records, as well health care information, which records and information are designated by the parties and/or by the Court as *confidential*, including, but not limited to the personnel, supervisor and investigative files of the Bureau of Indian Affairs, Department of Interior, the Department of Health and Human Services, and the Confederated Tribes of the

STIPULATED PROTECTIVE ORDER - 1

Colville Reservation, and Colville Tribal Police and Paschal Sherman Indian School, as they relate to the allegations contained in Plaintiffs' Complaint.

2.  Defendant United States may designate additional documents as "confidential" and thus subject those records to the terms of this Protective Order by fixing a notation to such documents, materials or information, or by other appropriate written notice to plaintiff's attorney. Defendants may designate "***CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER***" the referenced student, investigative, health care, and/or personnel records, and any other materials or information that they believe contain confidential information.

3.  Testimony taken in deposition in this case similarly may be designated as confidential and made subject to the terms of this Order at the time of the record.

4.  Either party may move the court for determination of confidentiality if the parties are unable to resolve a dispute regarding defendants' determination of confidentiality. No disclosure shall be made of any information designated as confidential except as provided herein and until such time as the matter is resolved by the court.

5.  Documents, materials, or information designated confidential pursuant to this Protective Order shall not be disclosed or disseminated by plaintiffs or plaintiffs' attorney Vito de la Cruz or by the associated law firm, or to any other person or entity, with the following exception:

   a.  Use of such confidential documents, materials, or information for trial preparation by paralegal or secretarial staff of plaintiff's attorney is allowed by this Protective Order, subject to all conditions of this Protective Order which govern plaintiff's attorney's use of such confidential information;

   b.  Documents, materials or information designated by defendant as confidential may be provided to expert witnesses, or consultants by plaintiff's attorney provided such expert witness or consultants, before being allowed to see any confidential documents, materials, or information, in writing acknowledge receipt of a copy of this Protective Order and agree to be bound by the terms of this Protective Order. The prohibition of this

STIPULATED PROTECTIVE ORDER - 2

paragraph shall apply in all circumstances, including, but not limited to, deposition in this case.

6. All summaries and exhibits prepared from confidential information shall be stamped **"CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER"** by counsel causing them to be prepared.

7. All persons having access to confidential information made available pursuant to this agreement shall agree not to make any use of said confidential information except in connection with the above-captioned litigation and shall further agree not to deliver or transfer said confidential information to any person not previously authorized by the terms herein.

8. Counsel disclosing confidential information to any person or entity shall be responsible for limiting distribution of the confidential information to those persons who both (1) have a need to know the information and (2) are authorized to receive the information under this Protective Order. Counsel shall be prepared to account for the disposition and use of the information under this Protective Order.

9. All copies of confidential information disclosed under this agreement shall be subject to the same restrictions as imposed on the original information.

10. All documents, materials, and information designated as confidential and disclosed to any person pursuant to this Protective Order shall remain in the possession only of plaintiff's attorney or the experts or consultants to whom they are disclosed as provided by the Protective Order. Plaintiff may not retain any documents, materials, or information designated as confidential pursuant to this Protective Order after the conclusion of this litigation or the trial of this case, whichever comes first.

11. Upon completion of this litigation, all documents and materials designated confidential and all copies thereof shall be returned to Defendants by Plaintiff's attorneys.

12. Documents, materials, and information designated as confidential pursuant to this Order may be disclosed in regular proceedings of this Court, subject to approval by defendant's attorneys or by the following method in absence

STIPULATED PROTECTIVE ORDER - 3

of approvals: If the documents, materials, or information designated confidential are made exhibits in this case or are incorporated into any pleadings or documents filed on behalf of plaintiff with the Court, such exhibits or pleadings shall be (a) bound separately and (b) placed in a sealed envelope or other appropriately sealed contained on which shall be endorsed:

> This envelope is sealed pursuant to the Stipulated Protective Order, dated May 14, 2012, and contained confidential information filed in these proceedings. It is not to be opened or the contents thereof displayed or revealed except to the court and persons authorized by the court.

If the designated Confidential Information appears in any transcription filed with the Court, such transcription shall be (a) bound separately, and (b) placed in a sealed envelope or other appropriately sealed container which bears the foregoing endorsement.

13. No confidential documents, materials, or information shall be used at trial, except as provided by further order of the Court. Any party may apply to this Court for additional protection regarding any discovery in this case.

14. No modification or amendment of this Protective Order is permitted except by a writing signed by counsel for the parties and approved by the Court. The parties hereto agree that it is unreasonable to rely on any oral modification or amendment of this agreement.

15. The failure to insist upon full compliance with any of the terms of the Protective Order in any instance shall not be deemed to be a waiver of the right to insist upon full compliance with those terms thereafter.

16. By executing this Protective Order, the parties and their respective counsel certify that prior to the disclosure of any confidential information as provided herein, the proposed recipient of the information will be first provided a copy of this Protective Order and required to execute a verification in the form attached hereto as Exhibit A.

STIPULATED PROTECTIVE ORDER - 4

17. A conformed copy of the Protective Order shall be provided to plaintiff, who shall sign and date it, acknowledging that she has read and understood the terms and agrees to be bound by the terms of this Protective Order. The signed copy shall be provided to defendant's attorney.

DONE IN OPEN COURT this 14th day of May 2012.

*s/Lonny R. Suko*
_____
The Honorable Lonny R. Suko
United States District Court Judge
Eastern District of Washington

STIPULATED PROTECTIVE ORDER - 5